No. 3613.—THE STATE OF LOUISIANA ex rel. N. A. ROBINSON *v.* CHARLES F. DRANGUET.

In a proceeding under the intrusion act to test the right of any person to an office, the State is a necessary party to the suit, and if it be shown that the incumbent is an intruder, he will be ejected without reference to the rights of the claimant to the office.

The failure of a person who has been elected or appointed to an office to take the oath prescribed by the eligibility act of the twenty-sixth of August, 1868, within the time prescribed, does not *ipso facto* destitute him of the office.

The Legislature has no power to increase or diminish the term of office fixed by the Constitution, nor has the Legislature any power to fix conditions or impose penalties on a person holding an office which are not authorized by the Constitution.

The appointment of any person by the Governor to an office not vacant is absolutely null.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborn,* J. *Charles A. Bullara,* District Attorney *pro tempore,* and *R. M. Kearney* and *J. M. B. Tucker,* for relator, appellee. *Semmes & Mott,* for defendant and appellant.

LUDELING, C. J. This is a proceeding under the intrusion act. Revised Statutes, p. 271, sec. 1150.

The petition of the relator represents that N. A. Robinson was elected district attorney for the Ninth Judicial District in April, 1868; that he qualified and was duly commissioned, and that he discharged the duties of said office until about the first of August, 1871, when the defendant intruded into said office, and he unlawfully performs the functions of said office under color of an appointment and commission from Henry C. Warmoth, Governor of the State of Louisiana. The evidence sustains the foregoing statement of facts

The only defenses made in this court are:

*First*—That the plaintiff only took the oath of office prescribed by article 100 of the Constitution, and failed to take the oath prescribed

by the eligibility act of the twenty-sixth of August, 1868, p. 46; and that under the fifth section of that act the office became vacant within thirty days after the promulgation of the act.

*Second*—That the relator must recover on the strength of *his own title.*

*First*—In the case of State ex rel. R. C. Downes *v.* E. B. Towne, 21 An. (which like this was a contest for an office created by the Constitution), this court said: "Failure to take the oath testing his eligibility and to file it in the office of the Secretary of State in the time limited in act No. 39 did not *ipso facto* destitute him of his office. It was not in the power of the Legislature to legislate him out of office, or to diminish or increase his term of office as fixed in the Constitution." The precise question was decided against the pretensions of the defendant in that case, and time and reflection have only strengthened our conviction then expressed. 21 An. 492.

*Second*—The State is a party plaintiff to the proceedings, and as to the State, it is not essential to show that N. A. Robinson was entitled to the office; the defendant could be ejected from office, if an intruder, whether the State showed that Robinson had a valid title to the office or not.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.